UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL NO. 4:11-CR-671 |
| | § |
| ALBERTO MERINO CRUZ | § |
| | § |

**MEMORANDUM AND ORDER**

Alberto Merino Cruz pled guilty to illegal reentry of an alien previously deported following conviction of a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1). This Court sentenced him to a 56 month term of imprisonment and a $100 special assessment. *See* Judgment (Dkt. No. 31). This case is before the Court on Cruz' motion to vacate, set aside, or correct his sentence (Doc. # 47). Having carefully considered the motion, the government's response, Cruz' reply, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Cruz' motion should be denied.

**I.     Background**

Cruz pled guilty to illegally reentering the United States after being deported following a Washington state conviction for second degree assault. In pleading guilty, Cruz acknowledged that he is a citizen of Mexico and is not, and has never been, a United States citizen. He acknowledged his prior conviction, that he was deported in 1997, that he was found in the United States in 2010, and that he never received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to apply for admission to the United States. Rearraignment Transcript (Dkt. No. 37) at 7-8. The Court sentenced him to 56 months imprisonment and a $100 special assessment.

Cruz appealed his sentence. The Fifth Circuit affirmed the sentence in a *per curiam* opinion. *See United States v. Cruz*, 510 Fed. App'x 345 (5th Cir., Feb. 4, 2013).

## II. Applicable Legal Standards

Cruz brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The motion contends that Cruz received ineffective assistance of counsel resulting in the court basing the sentence on an incorrect guidelines enhancement.

To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689.

A defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under State law. *Evitts v. Lucy*, 469 U.S. 387, 395 (1985). The *Strickland* two-prong standard applies to claims of ineffective assistance of appellate counsel. *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992).

## III. Analysis

Cruz received a 16 level enhancement in the calculation of his guideline sentencing range because his prior conviction was for a crime of violence. He contends that, at the time of his

guilty plea, the government did not identify the prior conviction as a crime of violence. Rather, in identifying the elements that the government would have to prove at trial, the Court stated that Cruz was previously convicted of "a felony or an aggravated felony – one of the two." Rearraignment Transcript (Doc. # 37) at 5. Cruz argues that he agreed only that he was convicted of "one of the two," but never specifically pled to a prior conviction of an aggravated felony. He therefore argues that no enhancement should have been applied to the guidelines calculation for commission of an aggravated felony, and that trial counsel was ineffective for failing to object to the enhancement and appellate counsel was ineffective for failing to raise the enhancement as an issue on appeal.

The government argues that a prior felony conviction, but not necessarily an aggravated felony conviction, is an element of the offense to which Cruz pled. Therefore, the government would only have had to prove that Cruz had a prior felony conviction to satisfy that element of the offense. The sentencing guidelines, however, are based not only on the offense for which the defendant is to be sentenced, but also the defendant's criminal history. Under the guidelines, Cruz was subject to a 16 level enhancement because he had a prior conviction for a felony that is a crime of violence. *See* USSG 2L1.2(b)(1)(A)(ii). The commentary to the guideline specifically identifies aggravated assault as a crime of violence, and the Ninth Circuit has held that crimes defined by the Washington statute under which Cruz was convicted are crimes of violence, *see United States v. Hermoso-Garcia*, 413 F.3d 1085, 1089 (9th Cir. 2005).

Cruz does not dispute that his prior conviction was for aggravated assault under WASH. REV. CODE § 9A.36.021(1)(a), an element of which is "recklessly inflict[ing] substantial bodily harm." That is a crime of violence as defined in the guidelines. Therefore, the sentencing calculation was proper. Moreover, as the government points out, the sentence ultimately

imposed is within, but at the low end of, the guidelines range. Cruz therefore fails to identify any defect in the guidelines calculation.

Counsels' failure to raise a meritless claim did not constitute deficient performance. *See, e.g.*, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). In addition, because such claim would have been without merit, it is not reasonably probable that counsel would have obtained any relief had the claim been presented, either at sentencing or on appeal. Cruz therefore fails to demonstrate either deficient performance by counsel or *Strickland* prejudice, and he is not entitled to relief.

## IV.  Conclusion

For the foregoing reasons, the government's motion to dismiss (Dkt. No. 51) is granted, and Cruz' motion to vacate, set aside, or correct sentence (Dkt. No. 47) is denied.

## V.  Certificate Of Appealability

Cruz has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*,

114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed the record in this case. The Court finds that Cruz has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Cruz is not entitled to a certificate of appealability.

## VI.   Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A. The United States of America's motion to dismiss (Dkt. No. 51) is granted;

B. Alberto Merino Cruz' motion to vacate, set aside, or correct sentence (Dkt. No. 47) is DENIED; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 17th day of March, 2015.

_____
Kenneth M. Hoyt
United States District Judge